IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BLAS FIGUEROA-JACINTO AND ADALBERTO REYES-RIVERA,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DISMSSING MOTIONS FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2)<br><br>Case No. 2:15-CR-182 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Motions from Defendants Blas Figueroa-Jacinto and

Adalberto Reyes-Rivera seeking a modification of their terms of imprisonment pursuant to 18

U.S.C. § 3582(c)(2). For the reasons discussed below, the Court will dismiss the Motions for

lack of jurisdiction.

## I. BACKGROUND

Defendants were charged in a Felony Information with possession of methamphetamine

with the intent to distribute. Defendants pleaded guilty and were sentenced. Defendant

Figueroa-Jacinto was sentenced to 60 months in the custody of the Bureau of Prisons while

Defendant Reyes-Rivera received a sentence of 70 months. Both Defendants now seek a

reduction under 18 U.S.C. § 3582(c)(2).

## II. DISCUSSION

Section 3582(c)(2) provides that the Court may modify a term of imprisonment "in the

case of a defendant who has been sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission." This statute

1

"establishes a two-step inquiry."[1]  First, the Court must consider whether a prisoner is eligible

for a sentence modification under Sentencing Guideline § 1B1.10.[2]  If so, the Court must

determine whether a reduction is warranted after consideration of the factors set forth in 18

U.S.C. § 3553(a).[3]

Sentencing Guideline § 1B1.10 provides that a defendant may receive a reduction if the

guideline range applicable to that defendant has subsequently been lowered by an amendment to

the Guidelines Manual.[4]  Defendants' Motions do not identify which Amendment they believe

makes them eligible for a reduction.  From the context of their Motions, it appears that

Defendants are seeking relief under Amendment 782.

Amendment 782 "applies retroactively and reduces by two levels many of the base

offense levels for drug offenses assigned by the drug-quantity table at USSG § 2D1.1(c)."[5]

However, Amendment 782 became effective on November 1, 2014.  This entire case was

prosecuted after Amendment 782 was implemented.  Thus, Defendants have already received all

the benefit they could have received from that Amendment and are not eligible for relief under

§ 3582(c)(2).[6]

---

[1] *Dillon v. United States*, 560 U.S. 817, 826 (2010).

[2] *Id.*

[3] *Id.*

[4] United States Sentencing Guideline ("USSG") § 1B1.10(a)(1).

[5] *United States v. Fisher*, 658 F. App'x 363, 364 (10th Cir. 2016).

[6] *United States v. Wallace*, Case No. 2:14-CR-218 CW, 2018 WL 3675246, at *2 (D. Utah Aug. 2, 2018) ("A person sentenced after November 1, 2014 had the benefit of Amendment 782 at the time of sentencing.").

In support of their requests, Defendants point to the recent Supreme Court decision in *Hughes v. United States*.[7]  In *Hughes*, the Supreme Court held that Amendment 782 applied to defendants who had entered into plea agreements under Federal Rule of Criminal Procedure 11(c)(1)(C) and, therefore, they may be eligible for relief under § 3582(c)(2).  Defendants' reliance on *Hughes* is misplaced for two reasons.  First, unlike the defendant in *Hughes*, there is no amendment to the Guidelines that would entitle Defendants to a sentence reduction.  Second, *Hughes* involved that application of § 3582(c)(2) to defendants that entered into plea agreements under Rule 11(c)(1)(C).  Defendants did not enter into agreements under Rule 11(c)(1)(C).  Therefore, *Hughes* has no application.  In short, Defendants have failed to demonstrate they are entitled to relief under § 3582(c)(2) and the Court must dismiss their Motions for lack of jurisdiction.[8]

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Docket Nos. 69 and 70) are DISMISSED FOR LACK OF JURISDICTION.

DATED this 13th day of August, 2018.

BY THE COURT:

Ted Stewart
United States District Judge

---

[7] ---U.S.---, 138 S.Ct. 1765 (2018).

[8] *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (stating that dismissal for lack of jurisdiction is the appropriate disposition of a § 3582(c)(2) motion).