IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADALBERTO REYES-RIVERA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING DEFENDANT'S MOTION FOR RETURN OF PROPERTY FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>Case No. 2:15-CR-182 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Return of Property. Defendant seeks the return of a cell phone that was seized from him at the time of his arrest. Defendant's Motion is brought pursuant to Federal Rule of Criminal Procedure 41(g).

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." After the conclusion of criminal proceedings, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property."[1] However, "to the extent the government is no longer in possession of the property," the Court must dismiss the matter "for lack of subject matter jurisdiction."[2]

The government has provided evidence that it is no longer in possession of the cell phone. In accordance with their policy, the DEA sent a letter to Defendant in January 2016, informing him that arrangements needed to be made to pick up the cell phone. The letter warned

---

[1] *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)).

[2] *Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005).

1

that if the cell phone was not picked up within thirty days, it would be considered abandoned and would be disposed of. Defendant did not respond to the letter and the cell phone was considered abandoned and was disposed of in March 2016. As a result, Defendant's request must be dismissed for lack of subject matter jurisdiction.

It is therefore

ORDERED that Defendant's Motion for Return of Property (Docket No. 72) is DISMISSED for lack of subject matter jurisdiction.

DATED this 19th day of March, 2019.

BY THE COURT:

Ted Stewart
United States District Judge